UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLARENCE TOMLIN, JR.,

    Petitioner,

    v.

J. SOTO, Warden,

    Respondent.

No. C 15-2608 EDL (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a state prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner has paid the filing fee. For the reasons stated below, respondent is ordered to show cause why the petition should not be granted.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Background**

Petitioner is currently a state prisoner incarcerated at Lancaster State Prison. According to the petition, petitioner was convicted in 2012 of murder and conspiracy. As a

---

[1] Petitioner has consented to magistrate judge jurisdiction. (Docket No. 5.)

result, petitioner was sentenced to a term of life without the possibility of parole in state prison. Petitioner filed an unsuccessful appeal in the California Court of Appeal. Petitioner's petition for review was denied in the California Supreme Court. The underlying federal petition was filed on June 11, 2015.

**C.    Legal Claims**

As grounds for federal habeas relief, petitioner alleges that: (1) the trial court erroneously excluded evidence of third-party culpability, and (2) the prosecutor committed misconduct. Liberally construed, the court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1.    The clerk shall serve by mail a copy of this order, the petition and all attachments thereto, and a magistrate judge consent form upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2.    Respondent shall file with the court and serve on petitioner, within sixty days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. At that time, respondent shall also file his magistrate judge consent form.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of the date the answer is filed.

3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within sixty days of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or

statement of non-opposition within twenty-eight days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fourteen days of the date any opposition is filed.

    4.    It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 28, 2015.

ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\HC.15\Tomlin608osc.wpd